IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00565-WYD-KLM

LISA KASSINOVE, and
JEFFREY KASSINOVE,

    Plaintiffs,

v.

RODERICK Y. MCCLENDON,

    Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to Amend Complaint to Add a Claim for Exemplary Damages** [#43][1] (the "Motion"). Defendant filed a Response [#54] in opposition to the Motion [#43]. Plaintiffs filed a Reply [#59] in support of the Motion [#43]. The Court has carefully considered the Motion [#43], related briefing, the case file, and the applicable case law. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#43] be **DENIED**.

### I. Background

This action arises from a ski accident between Plaintiff Lisa Kassinove and Defendant Roderick McClendon on March 29, 2014, at Vail Ski Resort. *Compl.* [#1] at 2. The ski accident took place in Colorado, and Plaintiffs, who are citizens of New York, filed this action in federal district court, invoking the Court's diversity jurisdiction. *Id.* at 1-2.

---

[1] "[#43]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Recommendation.

Plaintiffs were skiing downhill from Defendant when Defendant collided with Plaintiff Lisa Kassinove. *Id.* at 2; *Answer* [#17] at 2. On March 8, 2016, Plaintiffs brought the present action against Defendant to recover damages allegedly caused by the collision. *Compl.* [#1] at 4.

On May 25, 2015, this Court issued a Rule 16 Scheduling Order [#22] for this case. In the Scheduling Order [#22], Plaintiffs stated that "the entire collision was captured on video, and Plaintiffs' counsel [] provided this video to Defendant's counsel." *Scheduling Order* [#22] at 2. The Scheduling Order [#22] set a deadline of October 1, 2016, for joinder of parties and amendment of pleadings. *Id.* at 7. Plaintiffs did not file a motion to extend the deadline to amend pleadings pursuant to Rule 16(b). Fed. R. Civ. P. 16(b). Discovery for this case closed on April 7, 2017. *Minute Order* [#33]. On April 13, 2017, Plaintiffs filed the present Motion [#43] seeking to amend their Complaint [#1] to include a claim for exemplary damages against Defendant. *Motion* [#43].

**II. Analysis**

It is not unusual for a plaintiff to move to amend the pleadings to include a claim for exemplary damages. *See, e.g.*, *Bunting v. Preferred Homecare*, No. 12-cv-3327-RM-KMT, 2013 WL 5486201, at *4-5 (D. Colo. Oct. 1, 2013) (order granting timely motion to amend pleadings to add exemplary damages); *Metro. Prop. & Cas. Ins. Co. v. Cullen*, No. 13-cv-3218-REB-MJW, 2014 WL 3932246 (D. Colo. Aug. 12, 2014) (same); *Hendrickson v. Doyle*, No. 14-cv-2013-WJM-KLM, 2015 WL 2106225 (D. Colo. May 4, 2015) (same). Colorado law prohibits a plaintiff from including a claim for exemplary damages in the initial

pleadings. COLO. REV. STAT. § 13–21–102(1.5)(a) (2016). To add a claim for exemplary damages, a plaintiff must obtain leave from the Court to amend the pleadings. *Id.*; *Schimek v. Owners Ins. Co.*, No. 16-cv-02197-PAB-STV, 2017 WL 3621833, at *3 (D. Colo. Aug. 23, 2017). To obtain leave to amend the pleadings to add a claim for exemplary damages, a plaintiff must satisfy two requirements: the parties must have exchanged initial disclosures, and the plaintiff must establish "prima facie proof of a triable issue" of exemplary damages. COLO. REV. STAT. § 13–21–102(1.5)(a). The discovery process, not the initial pleadings, provides the requisite prima facie proof for exemplary damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007).

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted); *see, e.g.*, *Petekeiwicz v. Stembel*, No. 13-cv-1865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015); *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL 1464588 (D. Colo. Apr. 18, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000). These standards apply to a movant's untimely request to amend pleadings to add a claim for exemplary damages. *See, e.g.*, *Fiechtner v. Amer. Family Mut. Ins. Co.*, No. 09-cv-02681-REB-MEH, 2010 WL 5185490, at *3 (D. Colo. Oct. 19, 2010); *Alarid v. Biomet, Inc.*, No. 14-cv-2667-

REB-NYW, 2016 WL 309053, at *2 (D. Colo. Jan. 26, 2016); *Martin v. Amer. Family Mut. Ins. Co.*, No. 05-cv-00960-ZLW-BNB, 2007 WL 1159945, at *1 (D. Colo. Apr. 17, 2007). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Birch*, 812 F.3d at 1247. However, under Colorado law, before a court may grant leave to amend the pleadings to add a claim for exemplary damages, the movant must also establish "prima facie proof of a triable issue" of exemplary damages. COLO. REV. STAT. § 13–21–102(1.5)(a). If the movant has presented prima facie proof of a triable issue of exemplary damages, a court will permit the movant to amend the pleadings to add a claim for exemplary damages. *Id.* If a movant fails to satisfy the Rule 16, Rule 15, or the exemplary damages standard, denial of the motion is appropriate. *Id.*; *Birch*, 812 F.3d at 1248-49.

Under Rule 16(b), a Scheduling Order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b)(4) standard requires the movant to show that, despite the movant's diligent efforts, he or she could not meet the scheduling deadline. *Birch*, 812 F.3d at 1247; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). To prove diligence, Plaintiffs must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. If a plaintiff learns new information through discovery, good cause to amend may be established under Rule 16(b)(4). *Birch*, 812 F.3d at 1247; *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo.

Apr. 27, 2010) (granting a motion for joinder six months after the scheduling order deadline); *see also Fiechtner*, 2010 WL 5185490, at *3 (permitting amendment of the scheduling order and the pleadings to add an exemplary damages claim five months after deadline because plaintiff filed the motion within 30 days of receiving the evidence on which the motion was based). Conversely, if the plaintiff knew of the conduct substantiating the claims he seeks leave to add, but simply failed to raise the claims, the plaintiff has failed to show good cause, and the claims are barred. *Birch*, 812 F.3d at 1247. Denial is appropriate when the moving party does not demonstrate good cause for his or her failure to file the motion prior to the Scheduling Order deadline. *Minter*, 451 F.3d at 1205.

According to the Scheduling Order [#22], the deadline for joinder of parties and amendment of pleadings was October 1, 2016. *Scheduling Order* [#22] at 7. Neither party filed a request to extend this deadline. Plaintiffs filed the Motion [#43] at issue on April 13, 2017, more than six months after the deadline for amending pleadings. *See Motion* [#43] at 7-8.[2] The Motion [#43] does not address timeliness or offer an explanation for filing the Motion [#43] six months after the deadline. *See Motion* [#43]. Defendant contends that the Motion [#43] should be denied as untimely. *Response* [#54] at 7-10. Plaintiffs respond by blithely asserting that the Scheduling Order [#22] deadline for joinder of parties and amendment of pleadings is inapplicable to their Motion [#43] because the lenient standard of Rule 15 makes any amendment to the pleadings timely. *Reply* [#59] at 1-2. Whether Rule 15 allows the amendment is inapposite to satisfying the good cause requirement of

---

[2] The signature page of the Motion [#43] is dated March 20, 2017, but the motion was neither filed with the Court nor served on Defendant until April 13, 2017.

Rule 16(b)(4). The Rule 16 good cause standard must be satisfied separately and in addition to Rule 15. *See Birch*, 812 F.3d at 1247; *Alarid*, 2016 WL 309053, at *2 (citing *Minter*, 451 F.3d at 1205). As discussed above, Rule 16(b)(4) requires Plaintiffs to provide a satisfactory explanation as to why they were unable to meet the scheduling order deadline. *See Birch*, 812 F.3d at 1247.

Plaintiffs next argue that the need to conduct discovery, including depositions, precluded them from filing the Motion [#43] earlier. *Reply* [#59] at 2. If Plaintiffs obtained evidence supporting the Motion through discovery, this contention might satisfy the good cause requirement. *See Birch*, 812 F.3d at 1247; *Fiechtner*, 2010 WL 5185490, at *3. However, Plaintiffs did not submit any evidence in support of the Motion [#43] that was obtained through the discovery process. *See Motion* [#43]. Plaintiffs submitted a GoPro video of the accident and documents related to criminal charges Eagle County filed, and later dropped, against Defendant. *Exhibit* [#43-1 thru -3]. The GoPro video has been in Plaintiffs' possession since the day of the accident. *Exhibit* [#43-2] at 2 (Deputy Selby's Affidavit stating that Plaintiff Jeffrey Kassinove videotaped the accident at issue with a GoPro camera that was attached to his helmet); *Exhibit* [#43-1] at 4 (Deputy Selby's incident report, dated June 11, 2014, stating that Plaintiff Jeffrey Kassinove sent him a videotape of the incident). Furthermore, the documents related to the dropped charges show that Plaintiffs not only knew about the charges, but provided the evidence for and communicated with Deputy Selby during his investigation in 2014. *See Exhibit* [#43-1]. Thus, Plaintiffs have had access to the evidence supporting their claim for exemplary

damages since 2014, two years before Plaintiffs commenced this action. Plaintiffs could have moved to add a claim for exemplary damages at any time after Initial Disclosures were exchanged on May 25, 2016, and prior to the Scheduling Order [#22] deadline of October 1, 2016. *Scheduling Order* [#22] at 5, 7. Plaintiffs have failed to provide an adequate explanation for their delay. *See Birch*, 812 F.3d at 1247-49. Therefore, Plaintiffs were not diligent in attempting to meet the deadline. *See id.*; *Minter*, 451 F.3d at 1205 n.4. Plaintiffs fail to show good cause, as required under Rule 16(b)(4), to amend the Scheduling Order [#22]. *See Birch*, 812 F.3d at 1247. Because Plaintiffs have not satisfied the Rule 16(b)(4) requirements, it is not necessary to consider whether Plaintiffs satisfy Rule 15. *Id.* at 1248-49.

### III. Conclusion

Based on the foregoing,

The Court respectfully **RECOMMENDS** that the Motion [#43] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72 the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 27, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge